```
                                                                        FILED
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLUMBIA                                    JUN 1 5 2010
```

| | | |
|---|---|---|
| Pylord P. Doe, M.D., | ) | Clerk, U.S. District & Bankruptcy |
| | ) | Courts for the District of Columbia |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10 1008 |
| | ) | |
| Mary T. Lucero, Ph.D., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's pro se complaint and application to proceed without prepayment of fees. The application will be granted, and the complaint will be dismissed without prejudice.

The plaintiff, Pylord P. Doe, citing 18 U.S.C. § 241, 242, 245, and 42 U.S.C. § 14141, asserts that he has been subjected to "'discriminatory harassment,'" and "false arrest," Compl. at 2, and that his enemies, "through a network of negative propaganda created by the NIH Neurology Institute Scientists," have been able to "persecute [him] and derail [his] career life such that [he has] been rendered unemployable with [his] career derailed," id. at 3. The complaint alleges that on "May 20, 2009, the University of Utah sent its security to stage a false arrest [of plaintiff] at [his] residence in Salt Lake City[,]" and that in 2006, one of the defendants, a professor at University of Utah, terminated the plaintiff's fellowship without notice and on false pretenses. Id. at 4-5.

As an initial matter, the statutes under which this case is brought do not provide a private right of action for individuals to sue for damages in a civil action. Moreover, even if the complaint were treated as one brought under 42 U.S.C. § 1983, the civil counterpart to 18 U.S.C. § 242, the complaint fails to show that any of the defendants was acting "under color" of state

law, as that statute requires. 42 U.S.C. § 1983. Thus, the complaint fails to state a claim upon which relief may be granted and warrants dismissal on that basis.

In addition, the complaint is subject to dismissal for improper venue. The general federal venue statute provides in pertinent part that

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A review of the complaint shows that "a substantial part of the events or omissions giving rise to the claim occurred" not in the District of Columbia, but in Salt Lake City, Utah and surrounding areas. Where venue is improper, a district court "shall dismiss" the case, or "if it be in the interest of justice, transfer such case" to a district where venue would be proper. 28 U.S.C. § 1406(a). In this instance, the Court does not find it in the interests of justice to transfer the case, because, as drafted, the complaint fails to state a claim upon which relief may be granted. Therefore, the complaint also will be dismissed on the basis of improper venue.

A separate order accompanies this memorandum opinion.

Date: _____          _____
                                United States District Judge